FILED
SUPERIOR COURT
OF GUAM

2021 MAR -4 PM 12: 24

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**DUANE ARTHUR DUNGCA,**<br>DOB: 09/01/1980<br><br>Defendant. | **Criminal Case No. CF0387-20**<br>**GPD Report No. 20-17543**<br><br><br><br>**DECISION AND ORDER**<br>**(Defendant's Second Motion in Limine)** |

This matter came before the Honorable Dana A. Gutierrez on February 18, 2021 for a hearing on the Defendant's Second Motion in Limine filed on February 8, 2021. Present via Zoom was Attorney Stephen Hattori of the Public Defender Service Corporation representing Defendant Duane Arthur Dungca ("Defendant"). Present in person was Assistant Attorney General Sean E. Brown representing the People of Guam (the "People"). Upon hearing from both parties, the Court took this matter under advisement and now issues this Decision and Order.

## BACKGROUND

Defendant filed a Second Motion in Limine ("Motion") on February 8, 2021 seeking to exclude at trial: 1) all expert testimony, and 2) recordings of Defendant's telephone calls made from the Department of Corrections ("DOC"). The People filed a Response to the Motion on February 12, 2021 ("Response) opposing the Motion. With the Court's permission, the People filed an Amended Response to the Motion ("Amended Response") on February 15, 2021 in order to

supplement the People's opposition.

## DISCUSSION

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. *People v. Harvey*, 211 Ill. 2d 368 (2004). Authority to grant or deny a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. *State v. Zakovi*, 110 P. 3d 469, 472 (Mont. 2005). A motion in limine should be granted only when the trial court finds two factors are present: 1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and 2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. *Hersick v. State*, 904 So.2d 116, 127 (Miss. 2004).

### I.     Expert Testimony.

In the Motion, Defendant argues that all expert testimony should be excluded at trial because: 1) the People's failure to notify Defendant of the expert witness(es) before December 17, 2020 constitutes a discovery violation; 2) the expert's testimony will be improperly offered only to "bolster" the alleged victim's credibility; and 3) because the expert(s) have not met with the alleged victim, the expert testimony will not be relevant. In the People's Response and Amended Response, the People argue that: 1) they have complied with the rules of discovery; 2) there is a difference between bolstering a victim's credibility and rehabilitating a witnesses' credibility after an attack; and 3) the testimony will be relevant to explain why a child who has suffered sexual abuse may exhibit certain unexpected or confusing behaviors.

### A.     The People Complied With the Rules of Discovery.

Defendant alleges that the People committed a discovery violation based on the claims that: 1) Defendant requested expert witness reports from the government on July 16, 2020 but never

received the reports from the People; 2) the People's December 17, 2020 Witness List was the first time the People notified Defendant of expert witnesses; and 3) Defendant was not provided with the expert's curriculum vitae ("CV"). The People responded that there are no reports to produce because no expert witness has met with or evaluated the alleged victim, and Defendant has the CV for the proposed expert witness and has cross examined her many times.

First, pursuant to Guam's Rules of Criminal Procedure, the prosecution has a duty to disclose "any report or statement of an expert, made in connection with the case" if such material or information is "within his possession or control" and "the existence of which is know, or by the exercise of due diligence may be known." 9 GCA § 70.10. There is no evidence before the Court refuting that any expert reports exist. In fact, Defendant's Motion acknowledges that the proposed expert never met with the alleged victim. Motion, at 1 (Feb. 8, 2021). Thus, the People have not violated the rule to provide expert reports.

Second, the Trial Procedures Order issued by the Court on December 14, 2020 ordered that Witness Lists be filed by December 21, 2020. The People complied with this order by filing their Witness List on December 17, 2020 which listed their proposed expert witness.

Third, when the People asserted that they have provided defense counsel with the proposed expert's CV, defense counsel stated that he would "look into it" and that he "can wait until during the trial when [he] can challenge her qualifications and the basis for her expertise" then. Min. Entry, at 8:49:53 AM (Feb. 18, 2021). In light of these facts, the Court finds that the People have not committed a discovery violation and will not exclude the People's proposed expert witness based on these grounds.

**B.     Bolstering and Relevance.**

Defendant argues that all expert testimony must be excluded pursuant to the Court's

December 10, 2020 Decision and Order ("D&O") and on the grounds that expert testimony may not be offered for the purpose of bolstering the victim's credibility. Motion, at 2 (Feb. 8, 2020). The Court notes that the December 10, 2020 D&O explicitly held that the Motion in Limine was granted "to the extent that **unless admissible under a hearsay exception or Supreme Court of Guam precedent**, hearsay testimony from witnesses regarding the victim's account of the incidents alleged and expert opinion testimony offered for the purpose of bolstering the witness's credibility shall be excluded at trial." D&O, at 5 (Dec. 10, 2020). The D&O further stated that "this Order shall not preclude either the People or the Defendant from introducing any specific witness and thereafter attempting to lay the foundation for a hearsay exception. The Court will make a ruling on such witnesses and their accompanying testimony as those issues arise." *Id.*

Based on the Court's prior holding in this matter, this Court finds that a ruling on this issue prior to trial would be premature. *See id.* at 4-5. Accordingly, the Court will reserve a ruling on the exclusion of the expert testimony based on "bolstering" and "relevancy" arguments until the issue arises at trial.

## II. Recordings of Defendant's Telephone Calls from DOC.

Defendant makes several arguments to support his Motion to exclude the records of Defendant's Paytel phone calls from the Department of Corrections ("DOC") at trial. First, Defendant argues the statements in the recordings are hearsay. Motion, at 3 (Feb. 8, 2021). Second, Defendant asserts that Title 9 GCA § 46.91 prohibits the unauthorized use of a customer's telephone records. *Id.* Third, Defendant argues the burden should not be on Defendant to go through DOC's "elaborate process" to ensure his Paytel calls are not recorded and Defendant "was not warned that said phone calls could be used against him at trial or asked to sign a waiver." *Id.*

As to these arguments, the Guam Supreme Court has previously addressed the issue of whether Paytel recordings of phone conversations between a Defendant and a witness are admissible, and the Court held that Paytel calls from DOC are admissible as proper rebuttal and impeachment evidence despite a hearsay objection. *People v. De Soto*, 2016 Guam 12 ¶ 55-56. In *De Soto*, the trial court properly overruled the Defendant's hearsay and relevancy objections where the People successfully argued that the Paytel calls went to the witness' bias and credibility. *Id.* Based on *De Soto*, this Court will not exclude the Paytel calls prior to trial solely based on Defendant's hearsay argument.

Defendant argues that Guam law prohibits the unauthorized use of telephone records and cites to 9 GCA § 46.91. However, the prohibitions under this statute are not applicable in this case as it applies to the telephone records of "customers." Under 9 GCA § 46.90, "customer" is defined as "a person who subscribes to a telephone service." As an inmate at DOC, Defendant is not a customer who subscribes to a telephone service. Further, 9 GCA § 46.91 was adopted in 2009 prior to the decision in the *De Soto* case, yet the Guam Supreme Court did not consider whether the People's usage of DOC's Paytel recordings as evidence at trial violates 9 GCA § 46.91.

Additionally, Defendant references an "Exhibit A" in his Motion that may have supported the claim that there is an "elaborate process" to ensure that Paytel calls are not recorded; however, Defendant failed to attach this exhibit to the Motion. Motion, at 3 (Feb. 8, 2021). The *De Soto* Court did not address whether it should be the Defendant's burden to ensure his phone calls are not recorded, and without the aforementioned exhibit, this Court cannot address the merit of this argument.

Even if a Defendant believes that his phone calls should be private and he should not have to go through an elaborate process to protect them, "no prisoner should reasonably expect privacy in

5

his outbound telephone calls." *U.S. v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996) (affirming the trial court's decision to deny Defendant's motion to suppress his phone conversations recorded by the prison and holding that the prison's policy to record the phone conversations does not violate Defendant's Fourth Amendment rights). In light of the holding in *De Soto*, a review of 9 GCA § 46.91, and finding that there is no reasonable expectation of privacy for Paytel calls from DOC, this Court will not exclude Defendant's Paytel calls based on the aforementioned arguments.

Next, Defendant argues that the Paytel calls should be excluded at trial because the People did not mention the records until after the exhibit list cut off date and sent defense counsel a "document dump" of the records containing about 200 conversations. Although the Exhibit Lists were due on December 21, 2020 and the People did not mention the Paytel calls until a hearing on December 23, 2020, the People provided the discovery to Defendant on December 24, 2020, only a day or two after obtaining the records from DOC. Motion, at 3 (Feb. 8, 2020). Therefore, as of the date of trial, Defendant will have had the discovery in his possession for over two months.

Additionally, since disclosure of the Paytel telephone records, the People have narrowed the discovery by providing Defendant with a list of specific windows of time in the recordings that the People intend to use at trial. *See* Exhibit B to Motion (Feb. 18, 2021). Accordingly, the Court will not exclude the Paytel calls based on Defendant's allegation that the People have committed a sanctionable discovery violation.

Defendant also argues that the Paytel calls between Defendant and potential witness Natasha Gomez are protected by the "confidential marital communications privilege" under Rule 504(e) of the Guam Rules of Evidence ("GRE") and 6 GCA § 3102(1). Motion, at 5-6 (Feb. 8, 2021). Although these rules do protect statements made between spouses, it is "necessary that the legal relationship of husband and wife exist at the time the communication is made" in order to invoke the

confidential marital privilege. Barbara E. Bergman *et al.*, 3 Wharton's Criminal Evidence §§ 11:41-11:42 (15th Ed. 2020); *see e.g., People v. Catlin*, 26 P.3d 357, 388 (Cal. 2001) ("The marital privilege applies only in the case of valid marriage."). Therefore, in jurisdictions where common-law marriage is not recognized, statements made between a couple that is not legally married are not protected by the marital communications privilege. *Id.*

Guam does not recognize common-law marriage. *See* 9 GCA § 3101; *People v. Pablo*, 2016 Guam 11 ¶ 3, n. 1 ("Guam does not recognize common law marriage[.]). Defendant concedes that Defendant and Gomez are "not legally married." Motion, at 6 (Feb. 8, 2021). Accordingly, this Court cannot extend the "confidential marital communications privilege" to protect communications between Defendant and Gomez, and the Court will not exclude the Paytel calls based on Defendant's claim that they are protected by this privilege.

Lastly, Defendant argues that the proffered recorded conversations are not relevant or probative, and in the alternative, Defendant argues that if they are admitted, the conversations must be played in their entirety as required by the "Rule of Completeness." Min. Entry (Feb. 18, 2021). In *De Soto*, the Supreme Court held that the Paytel calls were admissible despite a relevancy objection where the People laid the foundation to introduce the calls as rebuttal and impeachment testimony. *De Soto*, 2016 Guam 12 ¶ 55-56. Based on the holding in *De Soto*, this Court finds that it would be premature to make a ruling as to the relevancy and probativeness of the Paytel calls prior to trial. Accordingly, the Court will reserve a ruling on the exclusion of the Paytel calls based on this argument until the issue arises at trial.

However, as the Defendant notes, Rule 106 of the GRE provides that when a "recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be

considered contemporaneously with it." In accordance with the "Rule of Completeness," if the People attempt to introduce a portion of the Paytel recordings, the Defendant may avail himself of this rule.

In sum, the Court holds that it will not exclude Defendant's telephone calls made from DOC and finds that: 1) 9 GCA § 46.91 *et seq.* does not prohibit the recording and usage of these calls; 2) the People's provision of the recordings to Defendant did not constitute a "document dump" warranting a discovery sanction; and 3) the calls are not protected by the "confidential marital communications privilege. Further, the Court finds that it would be premature to exclude the telephone calls prior to trial based on Defendant's arguments that they will be improper hearsay and will not be relevant or probative.

## CONCLUSION

At this time, the Court does not find that all expert testimony and Defendant's telephone calls from DOC will be inadmissible at trial under the rules of evidence, nor does it find that the mere offer of this evidence during trial will prejudice the jury. For the reasons stated above, the Court hereby **DENIES** Defendant's Second Motion in Limine.

**SO ORDERED** this 4th day of March, 2021.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_____AG, PDSC_____

Date: 3/4/21 Time: 12:50
_____(w)_____
Deputy Clerk, Superior Court of Guam

8